IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 303 MOC WCM

| | | |
|---|---|---|
| MARY SITHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| ETHICON, INC. and | ) | |
| JOHNSON & JOHNSON | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the parties' Certification and Report of FRCP 26(f) Conference and Discovery Plan (the "Report," Doc. 81). This Order will address specific issues raised in the Report. The undersigned will also issue a separate Pretrial Order and Case Management Plan (the "Pretrial Order").

This case was filed on July 20, 2012 and was part of a Multi District Litigation ("MDL") in the Southern District of West Virginia.

On October 23, 2020, the case was transferred to this district. Numerous claims were dismissed by stipulation on November 30, 2020. Doc. 80.

On January 5, 2021, the parties, through counsel, participated in a telephonic status conference with the undersigned to discuss any remaining matters, including the completion of discovery and trial. The parties were directed to conduct an initial attorneys' conference and to file a discovery plan.

On January 19, 2021, the parties filed the Report as directed. See Doc. 81.

The Report indicates that the parties have differing positions regarding Defendants' supplementation of written discovery produced in the MDL. The parties are advised that they should, in good faith, work together to attempt to resolve those disputes without the need for court intervention. In the event the parties are unable to resolve a specific discovery dispute, however, they should proceed as described by the Pretrial Order, including *inter alia*, Sections III(B) and III(G).

Additionally, the parties explain that certain "general" Daubert motions were pending in the MDL Court prior to transfer, and that while these "general *Daubert* motions remain unresolved on the docket," there are "currently no case-specific *Daubert* motions pending." Doc. 81 at 4. The parties "offer to submit to the Court a separate document explaining what general *Daubert* motions remain unresolved on this docket, and what related MDL Orders exist. The Parties agree that they will not raise any new arguments in these submissions." Id.

Given that this case is no longer part of the MDL and will be adjudicated individually, the undersigned finds that, for clarity of the docket and ease of handling, to the extent the parties seek any order in this matter regarding the application of Daubert principles, such request should be made clear.

In that regard, if the parties contend that rulings previously made by the MDL court on "general" Daubert motions should apply as well in this case, they should submit that information, with specific reference to the order(s) on such motions. With respect to any "general" Daubert motions that were pending before the MDL court at the time this case was transferred to this district, to the extent the parties wish to make those motions in this case, such motions should be re-filed in this matter. Finally, should the parties wish to file case-specific Daubert motions, such motions should be filed pursuant to this Court's Local Civil Rules and the Federal Rules of Civil Procedure.

It is so ordered.

Signed: January 22, 2021

W. Carleton Metcalf
United States Magistrate Judge